**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GLORIA CARDENAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>*vs.*<br><br>VALENTINE & KEBARTAS, LLC, a Massachusetts Limited Liability Company; RESURGENT CAPITAL SERVICES, LP, a Delaware Limited Partnership; LVNV FUNDING, LLC, a Delaware Limited Liability Company; and JOHN and JANE DOES 1-10,<br><br>Defendants. | §§§§§§§§§§§ | Civil Action No. 5:20-cv-00300 |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, GLORIA CARDENAS, individually and on behalf of all others similarly situated, by way of this Complaint against Defendants, VALENTINE & KEBARTAS, a Massachusetts Limited Liability Company("VALENTINE"), RESURGENT CAPITAL SERVICES, LP, a Delaware Limited Partnership ("Resurgent"), LVNV FUNDING, LLC, a Delaware Limited Liability Company ("LVNV"), and JOHN and JANE DOES 1-10 ("DOES") (collectively, Defendants"), states:

### I.   NATURE OF THE ACTION

1.   This action arises from practices engaged in by Defendants, in the course of attempting to collect consumer debts, which violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §392 *et seq.*

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

4. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated" or "least sophisticated" consumer. *Goswami v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004). Consistent with both standards, the Fifth Circuit assumes the debtor is "neither shrewd nor experienced in dealing with creditors." *Id*. The Fifth Circuit seeks to protect "all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).

9. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000; a class may recover no more than $500,000 or 1% of the debt collector's net worth, whichever is less. *Id.*

10. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and the Deceptive Trade Practices Act).

11. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or statutory regimes.

## II.   PARTIES

12. CARDENAS is a natural person.

13. At all times relevant to this complaint CARDENAS was a citizen of, and resided in, the City of San Antonio, Bexar County, Texas.

14. At all times relevant to this complaint VALENTINE was a limited liability company formed under the laws of Massachusetts.

15. VALENTINE maintains its principal place of business at 15 Union Street, Suite 202, Lawrence, Massachusetts 01840.

16. RESURGENT is a for-profit Limited Partnership formed under the laws of the state of Delaware.

17. RESURGENT maintains its principal place of business at 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.

18. RESURGENT'S registered agent for service in Texas is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

19. LVNV is a for-profit Limited Liability Company formed under the laws of the State of Delaware.

20. LVNV maintains an office at 6801 South Cimarron Road, Suite 424J, City of Las Vegas, Nevada. 89113.

21. LVNV's registered agent for service in Texas is CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

22. DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

### III. JURISDICTION AND VENUE

23. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 & 1337.

24. Declaratory relief is available pursuant 28 U.S.C. §§ 2201, 2202.

25. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this federal judicial district, and because Defendants regularly transact business within this federal judicial district and, therefore, reside in the State of Texas within the meaning of 28 U.S.C. § 1391(b) and (c).

26. On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of the named Defendants that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by the named Defendants and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

### IV. FACTS RELATING TO DEFENDANTS

27. LVNV purchases portfolios of consumer debt from banks and finance companies as well as other debt buyers.

28. After purchasing defaulted consumer debt from third parties, LVNV undertakes to liquidate the debt both directly and indirectly.

29. LVNV directly liquidates defaulted consumer debts by filing lawsuits to collect them.

30. On information and belief, LVNV has been the plaintiff in more than 1,000 lawsuits in state courts around the United States in the twelve months prior to the filing of this lawsuit.

31. LVNV indirectly liquidates defaulted consumer debt indirectly through the services of RESURGENT and other debt collectors such as VALENTINE.

32. LVNV is a business the principal purpose of which is the collection of defaulted consumer debts.

33. As a "third-party debt collector," as defined by Texas law, LVNV has filed a $10,000 surety bond with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101.

34. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf.

35. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, collection agencies, such as VALENTINE.

36. RESURGENT regularly engages in the collection of defaulted consumer debts owed to others.

37. In attempting to collect debts, RESURGENT uses the mails, telephone, the internet, and other instruments of interstate commerce.

38. RESURGENT is a business the principal purpose of which is the collection of defaulted consumer debts.

39. As a "third-party debt collector," as defined by the Texas law, Resurgent has filed

a $10,000 surety bond with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101.

40. All actions taken in the name of LVNV are taken by RESURGENT pursuant to a written agreement and power of attorney that LVNV has executed in favor of RESURGENT.

41. RESURGENT and LVNV are under common ownership and management.

42. RESURGENT and LVNV are part of the Sherman Financial Group.

43. RESURGENT directed the collection activity directed at CARDENAS.

44. RESURGENT, acting at the direction of LVNV, retained VALENTINE to collect a defaulted debt owned by LVNV from CARDENAS.

45. VALENTINE regularly collects or attempts to collect debts alleged to be owed to others.

46. In attempting to collect debts, VALENTINE uses the mails, telephone, the internet, and other instruments of interstate commerce.

47. VALENTINE is a business the principal purpose of which is the collection of defaulted consumer debts.

48. As a "third-party debt collector," as defined by the Texas law, Resurgent has filed a $10,000 surety bond with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101.

49. VALENTINE regularly engages in the collection of defaulted consumer debts owned by LVNV.

## V. FACTS RELATING TO PLAINTIFF

50. CARDENAS allegedly incurred and defaulted on a financial obligation (the "Debt") owed to U.S. Bank, N.A. ("U.S. Bank").

51. After Plaintiff's default on the account, U.S. Bank determined the account was uncollectable and "charged it off."

52. "Charge-off" is an accounting procedure by which a receivable—such as the

amount owed to a creditor on a loan—is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. *See*, Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008).

53. A debt will be in default (*i.e.*, there has been a failure to make a timely payment in accordance with the terms of the debt) *before* it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged off.

54. Upon "charge-off" of the Debt—the same as upon charge-off of any other consumer debt—the creditor ceases the accrual of interest and other charges such that the balance due does not change merely by the passage of time.

55. On information and belief, after the Debt was charged off, U.S. Bank did not add interest, late charges, or any other fees which would increase the balance merely by the passage of time.

56. On information and belief, after its credit card accounts are charged off, U.S. Bank does not add interest, late charges, or any other fees which could increase an account's balance merely by the passage of time.

57. After charging off the debt, U.S. Bank sold the debt to LVNV.

58. LVNV, thereafter, through RESURGENT, forwarded the Debt to VALENTINE to collect from CARDENAS.

59. VALENTINE mailed or caused to be mailed a letter to CARDENAS dated May 3, 2019 (the "Letter"), seeking to collect the Debt.

60. A true and correct copy of the Letter is attached as *Exhibit A*, except portions of

the Letter are redacted.

61. The Letter describes a Debt believed to arise out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes. Such belief is based on the information about the Debt contained in the Letter and that Plaintiff has never incurred any financial obligations in any business transaction or in any transactions other than ones which were for personal, family, or household purposes. Defendants are presumed to have more specific information about the Debt.

62. The Letter did not state "the amount of the debt," "amount due," or simply "balance." Instead, when the Letter stated the Debt's balance it included a temporal description (*i.e.* "Current Amount Due" and "Current Due").

63. By adding the temporal descriptor, "Current," to the Debt which previously—but no longer—accrued interest, the Letter implied the stated amount, $1,190.34, would increase.

64. If the balance on May 3, 2019 (the Letter's date) was in fact $1,190.34, it that balance, absent payment, would be the same on December 3, 2019 or May 3, 2020.

65. The Letter's use of "Current" to modify "Amount Due" or "Due" falsely represents the character of the Debt as not being static to an unsophisticated consumer.

66. The Letter's use of Current" to modify "Amount Due" or "Due" falsely threatens that the current creditor may apply interest or other charges which would increase the balance of the Debt merely by the passage of time.

67. The Letter's use of "Current" to modify "Amount Due" or "Due" falsely represents to an unsophisticated consumer that the amount due is increasing based merely on the passage of time.

68. The Letter is materially misleading to the unsophisticated consumer as it creates a

false sense of urgency that if the Debt is not promptly paid it will increase substantially and without notice.

69. The Letter is materially false, deceptive, and misleading to an unsophisticated consumer "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources, it is plausible that the fear of 'late charges and other charges' might influence these consumers' choices." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018).

70. A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately implied the balance remained static.

71. Valentine's use of a form letter like the Letter – which falsely implies the Debt could increase – competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

72. The Letter goes on to make the following statements:

### SETTLEMENT OFFER

Dear GLORIA L CARDENAS:

This letter is to inform you of a special offer on the collection account listed above.

Our client wants our records to reflect that they have made every attempt to resolve this matter. Please see the options listed below approved by our client at this time.

- ☐ Take advantage of a discount up to 40% off the current balance: Make a one-time payment on or before 5/20/2019
- ☐ Take advantage of a discount up to 30% off the current balance: Make three payments: 1st payment due by 5/20/2019, 2nd payment due by 6/20/2019, 3rd payment due by 7/20/2019
- ☐ Take advantage of a discount up to 20% off the current balance: Make six payments: 1st payment due by 5/20/2019, 2nd payment due by 6/20/2019, 3rd payment due by 7/20/2019, 4th payment due by 8/20/2019, 5th payment due by 9/20/2019, 6th payment due by 10/20/2019
- ☐ Take advantage of paying your balance off in nine payments: 1st payment due by 5/20/2019, 2nd payment due by 6/20/2019, 3rd payment due by 7/20/2019, 4th payment due by 8/20/2019, 5th payment due by 9/20/2019, 6th payment due by 10/20/2019, 7th payment due by 11/20/2019, 8th payment due by 12/20/2019, 9th payment due by 1/20/2020

Please call 800-462-4884 within 10 days to secure one of the above options. Upon securing one of the above options, we will notify our client that a satisfactory arrangement has been made to settle the above debt.

73. The "Settlement Offer" provides four payment arrangements, three of which offer

discounts ranging from 20% to 40% off the total balance.

74. The Letter's settlement offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts which are false, deceptive, and misleading because they cause the unsophisticated consumer to think that if the payment of the reduced amount is not paid by the deadline, there will be no further chance to settle the Debt for less than the full amount.

75. The Letter stated the discounts had to be accepted by calling VALENTINE within 10 days of the date of the Letter.

76. The statement, "Please call 800-462-4884 within 10 days to secure one of the above options", is false, deceptive, and misleading.

77. In fact, VALENTINE had authority to extend the settlement offer beyond the 10-day deadline set in the Letter.

78. On information and belief, VALENTINE had authority to increase the amount of the discount offered to CARDENAS after the 10-day deadline.

79. VALENTINE's statement that "Please call 800-462-4884 within 10 days to secure one of the above options" is materially false, deceptive, and misleading because it influences the unsophisticated consumer's decision to pay the debt.

80. The statement is materially false, deceptive, and misleading because it creates a false sense of urgency in the unsophisticated consumer to accept the settlement offer as quickly as possible.

81. The Letter is materially misleading to the unsophisticated consumer as it creates a false sense of urgency that if an offer is not accepted promptly the Debt will increase substantially and without notice due to interest.

82. The three discount offers do not identify the amount of each payment. Rather,

each require the unsophisticated consumer to do math to ascertain the amount of each settlement payment. For example, a consumer seeking to take advantage of the second settlement offer would be forced to calculate 30% off the current balance and then divide the remaining 70% into three payments.

83. At the bottom of the Letter, VALENTINE states: "Any payment or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

84. Stated otherwise, VALENTINE will not honor its offer if the consumer miscalculates and overpays.

85. VALENTINE's statement that it will keep excess payments renders the settlement offers illusory.

## VI. CLASS ALLEGATIONS

86. The Letter is a form letter. Specifically, the Letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letter.

87. Defendants' conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff both individually and on behalf of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

88. *Class Definition.* The Class is defined as:

> All natural persons to whom Valentine & Kebartas, LLC mailed a written communication in the form of *Exhibit A* to a Texas address during the Class Period beginning on March 11, 2019 and ending on April 1, 2020.

89. The identities of the Class members are readily ascertainable from the business records of VALENTINE and of those entities on whose behalf VALENTINE collects debts.

90. *Class Claims.* The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from VALENTINE having sent a written communication in the same form as *Exhibit A*.

91. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

92. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

93. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by VALENTINE with respect to each Class member.

94. *Typicality.* The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by VALENTINE.

95. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as she has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

96. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

97. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may seek class certification: (a) only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4); (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

### VII.   COUNT ONE: VIOLATION OF THE FDCPA

98. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

99. VALENTINE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

100. RESURGENT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

101. LVNV is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

102. DOES are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

103. The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

104. CARDENAS is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

105. The Letter was a "communication" within the meaning of 15 U.S.C. § 1692a(2).

106. VALENTINE use and mailing of the Letter violated the FDCPA in one or more of the following ways:

> (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692;
>
> (b) Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(a);
>
> (c) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);
>
> (d) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

107. VALENTINE's conduct invaded the rights of Plaintiff that are protected by the FDCPA, the invasion of which caused injury-in-fact.

108. Based on a single violation of the FDCPA, Defendant is liable to Plaintiff for such relief as is allowed under 15 U.S.C. § 1692k.

109. LVNV and RESURGENT are vicariously liable for VALENTINE'S actions.

### VIII.   COUNT TWO: VIOLATION OF THE TDCA

110. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

111. VALENTINE is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

112. VALENTINE is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

113. VALENTINE is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

114. RESURGENT is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

115. RESURGENT is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

116. RESURGENT is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

117. LVNV is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

118. LVNV is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

119. LVNV is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

120. The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

121. CARDENAS is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

122. Defendants violated the TDCA including but not limited to:

   1. Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt and whether a legal obligation exists for the consumer to pay it;

   2. Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

112. VALENTINE'S illegal conduct invaded the rights of Plaintiff which are protected by the TDCA, the invasion of which caused injury-in-fact.

113. LVNV and RESURGENT are vicariously liable for VALENTINE'S actions.

## IX.   PRAYER FOR RELIEF.

114. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendants, jointly and severally. Specifically, Plaintiffs requests an Order:

   *A. With respect to Court One:*

   (a) Certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 including defining the Class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

   (b) Awarding such actual damages as may be proven to Plaintiff and to the members of the Class pursuant to 15 U.S.C. § 1692k(a)(1);

   (c) Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A)

and § 1692k(a)(2)(B)(i);

(d) Awarding of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(e) An incentive award for Plaintiff, in connection with her services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

(f) Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

(g) Awarding costs of suit as allowed by law;

(h) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

(i) For such other and further relief as may be just and proper.

*With respect to Count Two:*

(j) Certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

(k) Awarding injunctive relief to prevent or restrain further violations of Chapter 392 of the Texas Finance Code pursuant to Tex. Fin. Code § 392.403(a)(1);

(l) Awarding such actual damages as may be proven by Plaintiff and by the members of the Class pursuant to Tex. Fin. Code § 392.403(a)(2);

(m) An incentive award for Plaintiff, in connection with her services to the Class in

an amount to be determined by the Court after judgment is entered in favor of the Class;

(n) Adjudging Plaintiff to have successfully maintained an action under Tex. Fin. Code § 392.403(a), and awarding reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b);

(o) Awarding costs of suit as allowed by law; and

(p) Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and

(q) For such other and further relief as may be just and proper.

## X.   JURY DEMAND.

115.   Demand is hereby made for trial by jury.

Dated: March 11, 2020

Respectfully submitted,

*s/ Andrew T. Thomasson*

Andrew T. Thomasson, Attorney-in-Charge
  NJ Bar No. 048362011; SDTX No. 2347873
Philip D. Stern
  NJ Bar No. 045921984; SDTX No. 3063738
Francis R. Greene
  IL Bar No. 6272313; SDTX No. 2580087
Katelyn B. Busby
  AR Bar No. 2014133; SDTX No. 3466595
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
E-Mail: andrew@sternthomasson.com

E-Mail: philip@sternthomasson.com
E-Mail: francis@sternthomasson.com
E-Mail: katelyn@sternthomasson.com

William M. Clanton
   TX Bar No. 24049436; SDTX No. 1420489
Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, TX 78216
Telephone: (210) 226-0800
Facsimile:  (210) 338-8660
E-Mail: bill@clantonlawoffice.com

*Attorneys for Plaintiff, Gloria Cardenas*